*NOT FOR PUBLICATION*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVEN MARANI**, <br> Plaintiff, <br> v. <br> **MICHAEL CRAMER, ET AL.**, <br> Defendants. | Case No. 4:19-cv-05538-YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS** <br><br> Re: Dkt. No. 34 |

Plaintiff Keven Marani brings this action against defendants Michael Cramer, Jon Hanna, Florence Cramer, Mark Cramer, Scott Cramer, Zhanna Cramer, Travis Capson, Harvey Flemming, Gateway Financial Concepts Limited, New Zealand, and Gateway Financial Concepts Limited, Panama. Marani brings seven causes of actions including: (1) a civil Racketeer Influenced Corrupt Organizations ("RICO") claim under 18 U.S.C. sections 1961-1968; (2) conspiracy to commit a violation of RICO under 18 U.S.C. section 1962(d); (3) fraud and deceit based on intentional misrepresentation; (4) fraud and deceit based on concealment; (5) conversion; (6) unjust enrichment; and (7) breach of contract.

Now before the Court is one defendant's, Travis Capson, motion to enforce a settlement agreement, or, in the alternative, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 34.) Marani opposes the motion. (Dkt. No. 37.) The matter is fully briefed. (*See also* Dkt. No. 38.) Having carefully considered the pleadings in this action and the papers submitted on each motion, and for the reasons stated on the record at oral argument on January 26, 2021, and more fully set forth below, Capson's motion to enforce the settlement agreement, or, in the alternative, motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

The Court begins with the legal framework. The standard for a Rule 12(b)(6) motion are well known and not in dispute.[1] With respect to a motion to enforce settlement agreement: "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted); *see TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986); *Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986,1013-1014 (9th Cir. 2003) (cert. granted and judgment vacated on other grounds by *Quest Corp. v. Metronet Services Corp.*, 540 U.S. 1147 (2004)); *Doi v. Halekulani Corporation*, 276 F.3d 1131,1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citations omitted). To be enforced, a settlement agreement must meet two requirements: first, it must be a complete agreement. *Callie*, 829 F.2d at 890 (citations omitted). This requires that the parties have reached agreement on all material terms. *Id.* at 891. Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks– Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D. Cal. 1988) (citing *Harrop v. Western Airlines, Inc.,* 550 F.2d 1143, 1144-45 (9th Cir. 1977)).

Here, Capson highlights the following provision from a settlement agreement into which he and his affiliated entities entered with Mariani:

> If and to the extent Marani is paid the sum of $590,000 out of Escrow, Marani, on the one hand, and Denari, Sarkar, Capson, and ECT, on the other hand, shall be deemed to have fully released and forever discharged the other and each of their owners, spouses, trusts, shareholders, officers, directors, managers, members, employees, alleged employees, agents, alleged agents, attorneys, assigns, successors, predecessors, partners, investors, indemnitors, guarantors, insurer(s), reinsurer(s), obligors, subsidiaries, parent companies, affiliates, associations, management companies, and other related persons and entities ("Related Persons"), against all past, present and future claims, demands, causes of action, obligations, damages (direct, consequential, or otherwise), losses, costs, attorneys' fees, and/or expenses, based on a contract, statute, tort, or otherwise between them, including, without limitation, those concerning any and all claims raised in or that could have been raised affirmatively, or in defense of or via compulsory or non-

---

[1] The Court assumes familiarity with the underlying allegations in this matter in order to expedite the issuance of this Order.

2

> compulsory cross- complaint arising out of, connected with, or in any way related to the Investment from the beginning of time to the Effective Date (collectively, the "Released Matters").

(*See* Capson Decl. Ex. A (Dkt. No. 34-1).) Capson contends that both requirements are met where the above provision releases *all* claims to the date of the settlement agreement, and where the settlement agreement was signed by both Capson and Marani, and was otherwise executed by all the parties.

Marani does not dispute the existence of this settlement agreement, but rather, argues that the waiver of liability clause is barred under Cal. Civ. Code section 1668. Section 1668 relevantly provides that: "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud . . . are against the policy of the law." Marani notes that such provisions "may stand only if it does not involve the 'public interest.'" *Tunkl v. Regents of University of California*, 60 Cal.2d 92, 95 (1963). In short, Marani asserts that "the settlement agreement itself is a tool to further a larger fraud scheme." (Dkt. No. 37 at 4.)

While Marani cites correctly to the law, he does not persuade here, at least not on the facts alleged in the complaint. In general, section 1668 applies only to concurrent or future torts. *SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal.App.5th 146, 152-153 (2018) ("[w]e are not aware of any case law applying section 1668 to torts where all elements are past events . . . the weight of authority recogniz[e] that section 1668 applies only to concurrent or future torts."). In other words, this provision is meant to prohibit contracts releasing liability for future or concurrent torts not to prohibit settlements of disputes relating to past conduct. *City of Santa Barbara v. Superior Court*, 41 Cal.4th 747, 754–755 (2007). That said, courts have applied section 1668 "to negate exemption clauses that would otherwise proscribe liability for fraudulent inducement of the very contracts with the exemption clauses." *SI 59*, 29 Cal.App.5th at 152 (citing *Blankenheim v. E. F. Hutton & Co.*, 217 Cal.App.3d 1463, 1471–1473 (1990) (plaintiffs were fraudulently induced into signing agreements with hold harmless clauses; section 1668 prevented the defendant from relying on the hold harmless clauses to exempt it from "responsibility for its own misrepresentations"); *Simmons v. Ratterree Land Co.*, 217 Cal. 201, 204 (1932) (citing section 1668 and stating "a seller cannot escape liability for" fraudulent inducement of a contract by inserting a release of liability

3

into the contract)). Moreover, courts have permitted civil RICO claims to proceed where the "behavior . . . is extrinsic to the contractual relationship and could not possibly have been within the contemplation of the contracting parties." *See Monterey Bay Military Housing LLC v. Pinnacle Monterey LLC*, 116 F. Supp. 3d 1010, 1051 (N.D. Cal. 2015).

Here, as currently pled, Marani's factual allegations as to Capson stop with the settlement agreement. The allegations concern Capson's past actions prior to the enactment of the settlement agreement and appear to be intrinsic to the contractual relationship. The complaint is bare of factual allegations which would support extending section 1668 to this case. While much supposition exists regarding the connection between Capson and the other defendants, the bald assumptions are insufficient. Thus, section 1668 does not appear to block the enforcement of the settlement agreement as currently pled.

Section 1668 may apply if the the settlement agreement was a "key tool" in the fraud underpinning the civil RICO claim and done in furtherance of the goal, and that the settlement agreement itself was a fraud. (*See generally* Dkt. No. 37.) As noted above, courts have barred such waiver provisions under section 1668 in circumstances where an agreement was fraudulently induced, or where the agreement was part of the RICO scheme itself. However, as Capson correctly highlights, Marani does not plead any of this. For instance, Marani does not plead any allegations that: (1) Capson committed or contributed to, or even had knowledge of, any other act in furtherance of the alleged enterprise after the return of Marani's funds that would form a pattern of racketeering activity; (2) Capson made any misrepresentation that postdate the settlement agreement and/or the return of Marani's funds; (3) the settlement agreement was fraudulently induced; or (4) that the settlement agreement itself was part of the civil RICO scheme to defraud Marani.

In sum, these arguments made in Marani's opposition are not currently alleged and properly before the Court. Given that the complaint is already 87 pages long and heavy with factual allegations, the Court is not convinced that it can be amended currently consistent with Rule 11. However, leave to amend is generally appropriate under the policy of liberal amendment. As noted during the hearing, the Court will afford Marani an opportunity to amend or to defer

amendment, if possible, and upon motion, if discovery reveals facts which would support an appropriate amendment.

For the foregoing reasons, the Court **GRANTS** the motion to dismiss with leave to amend and **DENIES** Capson's motion to enforce settlement agreement as moot.[2]  Should plaintiff choose to amend at this juncture, he shall file an amended complaint within **twenty-one (21) days** of the date of this Order.[3]  Defendants shall thereafter file a response within **twenty-one (21) days** from the date of the filing of the amended complaint. If an amended complaint if not filed within that timeframe, plaintiff must comply with the federal rules and file a motion for leave to amend.

This Order terminates Docket Number 34.

**IT IS SO ORDERED.**

Dated: January 26, 2021



**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Given the disposition of this Order, the Court declines to reach Capson's motion in the alternative to dismiss for *forum non conveniens*.

[3] If a short extension not exceeding 14 days is further required by Marani, Marani may request such additional time.