UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| KEVIN MARANI,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CRAMER, et al.,<br><br>    Defendants. | Case No. 19-cv-05538-YGR (LB)<br><br>**ORDER REGARDING LETTER ROGATORY**<br><br>Re: ECF No. 56 |

    The plaintiff moved to serve defendant Jon Hanna, who resides in Panama, through the letter rogatory process authorized under the Inter-American Convention on Letters Rogatory. Panama apparently is a signatory to that convention.[1] The court identifies several possible issues.

    First, the court is aware — because it did some independent research — that Panama is a signatory to the Inter-American Convention. *See, e.g.*, *Thunderbird Resorts, Inc. v. Mitzim Props., Inc.*, Case No. 15cv1304 JAH (BGS), 2019 WL 1098978, at *1 (S.D. Cal. Mar. 8, 2019). The court found an online copy, but going forward, it would be helpful if the plaintiff would cite the convention in retrievable format or and attach it. (The court is used to parties attaching the relevant MLATs or conventions or at least citing to a retrievable version.)

---

[1] Mot. – ECF No. 56 at 2. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – 19-cv-05538-YGR (LB)

Second, the court's understanding is that the U.S. Central Authority requires a Form USM-272. *See, e.g.*, *Thunderbird Resorts, Inc. v. Mitzim Props., Inc.*, Case No. 15cv1304 JAH (BGS), Request – ECF No. 45 & Letter Rogatory – ECF No. 55 (attached to this order). The court appreciates that the plaintiff's letter rogatory mimics the form, but in other cases, parties have submitted the actual form. *See, e.g.*, *id.* If the plaintiff's experience is different, then perhaps the current form is sufficient. The court merely flags the issue.

Third, the plaintiff served Mr. Hanna personally in Panama with the complaint, presumably satisfying Federal Rule of Civil Procedure 4(f)(2)(A).[11] The reason the plaintiff wants to serve him by letter rogatory (in addition to serving him personally) because he is concerned that Panama will require service through the Inter-American Convention before it executes any judgment against Mr. Hanna's assets in Panama. (*Id.*) But the United States apparently interprets the convention as "limited to covering service of process. . . ."[12] And according to the plaintiff, service is effective as to Mr. Hanna.[13] The court is not certain that a second form of service to allow execution of a judgment in a foreign country is something within the scope of the convention, at least according to the U.S. Central Authority, when service has already been accomplished. The court asks the plaintiff to address the issue in a renewed motion.

The renewed motion does not need to reiterate anything in the existing motion and instead may supplement the earlier motion with any additional authority and forms.

**IT IS SO ORDERED.**

Dated: October 31, 2021

LAUREL BEELER
United States Magistrate Judge

---

[11] Service Update – ECF No. 28. The court does not see the plaintiff's proof of service on the docket (but perhaps is overlooking it). *See id.* at 2 (proofs of service are being collected and will be filed).

[12] U.S. Dep't of State – Bureau. of Consular Affs., Inter-Am. Serv. Convention & Additional Protocol, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html (last visited October 31, 2021); U.S. Permanent Mission to the Orgs. of Am. States, Letter to Secretariat for Legal Affs. of the Org. (Jan 22, 2021), http://www.oas.org/en/sla/dil/docs/inter_american_treaties_central_authority_United_States_1-21-2021.pdf.

[13] Mot. – ECF No. 56 at 2 (the plaintiff "effectively served" Mr. Hanna).

ORDER – 19-cv-05538-YGR (LB)