**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KEVEN MARANI,**  Plaintiff,  vs.  **MICHAEL CRAMER, ET AL.,**  Defendants. | CASE NO. 19-cv-05538-YGR  **ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**  Re: Dkt. No. 63 |

Plaintiff Keven Marani brings this action against defendants Michael Cramer, Jon Hanna, Florence Cramer, Mark Cramer, Scott Cramer, Zhanna Cramer, Travis Capson, Harvey Flemming, Gateway Financial Concepts Limited, New Zealand, and Gateway Financial Concepts Limited, Panama, alleging that defendants operate an international fraud scheme by creating the illusion of legitimate investment opportunities and business dealings. Marani brings seven causes of action: (1) violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act under 18 U.S.C. Section 1962(c); (2) conspiracy to commit violations of the RICO Act under 18 U.S.C. Section 1962(d); (3) fraud and deceit based on intentional misrepresentation; (4) fraud and deceit based on concealment; (5) conversion; (6) unjust enrichment; and (7) breach of contract. (Dkt. No. 61.) ("First Amended Complaint" or "FAC".)

Having once considered a motion to dismiss, pending before the Court is the motion to dismiss of three defendants, Mark Cramer, Florence Cramer, and Scott Cramer ("Cramer defendants"). (Dkt. No. 63). The matter was fully briefed by the parties.

The Court has carefully considered the papers submitted, the pleadings in this action, and for the reasons set forth below, it **GRANTS** the motion to dismiss.

**I.    BACKGROUND**

The Court summarizes the allegations relevant to the disposition of this motion. The complaint alleges the following:

1

1    Plaintiff is a citizen who is resident of California. (Compl. ¶ 4.) Plaintiff alleges that he
2    fell victim to defendants' fraudulent scheme when he invested money into businesses that did not
3    exist. (*Id.* ¶ 3.)
4    Defendant Mark Cramer is an individual who is a citizen of Canada and is domiciled in
5    Calgary, Alberta. He maintains residences in Florida and Panama. (*Id.* ¶ 6.)
6    Defendant Florence Cramer is an individual who is a citizen and is domiciled in Calgary,
7    Alberta. She is the wife of Mark Cramer. (*Id.* ¶ 8.)
8    Defendant Scott Cramer is an individual who is a citizen of Canada and is domiciled in
9    Vancouver, British Columbia. (*Id.* ¶ 9.)
10   Plaintiff alleges the Cramer defendants are instrumental in maintaining the RICO
11   enterprise. (*Id.* ¶¶ 211-12.) Their duties include setting up the shell companies and serving as
12   directors of the companies. (*Id.* ¶ 211-12.)

## II. LEGAL STANDARD
### A. Personal Jurisdiction

A motion brought under Federal Rule of Civil Procedure 12(b)(2) challenges a court's exercise of personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss a complaint for lack of personal jurisdiction. While the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the plaintiff." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quotation marks and citation omitted). The court may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation marks and citation omitted).

### B. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

1   cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2   All allegations of material fact are taken as true and construed in the light most favorable to the

3   plaintiffs. *Johnson v. Lucent Techs.*, *Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a

4   motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

5   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

6   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires

7   the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted

8   unlawfully." *Iqbal*, 556 U.S. at 678. While courts do not require "heightened fact pleading of

9   specifics," plaintiffs must allege facts sufficient to "raise a right to relief above the speculative

10  level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of this

11  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

12  elements of a cause of action will not do." *Id*.

13  **III.   ANALYSIS**

14  In moving to dismiss plaintiff's claims, the Cramer defendants argue three bases for

15  dismissal. Defendants argue that: (A) the Court lacks personal jurisdiction over them; (B) that

16  plaintiff's RICO claim is barred under the Private Securities Litigation Reform Act ("PSLRA");

17  and (C) that plaintiff fails to meet the heightened pleading standard under Federal Rule 9(b). The

18  Court addresses each in turn.

   **A.   Personal Jurisdiction**

19  The Cramer defendants argue that the Court lacks personal jurisdiction over them. In

20  arguing such, defendants point to their lack of minimum contacts with California. Defendants also

21  argue that jurisdiction is not established under the RICO Act because plaintiff does not meet all

22  the requirements of the statute. The Court discusses each below.

       *1.   Whether the Cramer Defendants Have Minimum Contacts with California*

23  The Cramer defendants argue that the Court lacks personal jurisdiction because they do not

24  have sufficient contacts with California.[1]

---

[1] Plaintiff does not address the merits of defendants' lack of minimum contacts argument. Instead, plaintiff argues that the minimum contacts test is not the proper test to apply here. The Court analyzes both basis of jurisdiction since both were raised by defendants.

Where no federal statute governs personal jurisdiction, the Court applies the law of the state in which it sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004.) Here, California law applies. California law allows for the exercise of "jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10. As such, for a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones,* 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

General jurisdiction allows a court to assert jurisdiction over an individual to hear all claims pertaining to the defendant. *Id.* at 137. General jurisdiction only attaches in the state where the defendant is domiciled. *Id.* By contrast, specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Said another way, personal jurisdiction requires the Court evaluate whether the specific activity giving rise to the plaintiff's causes of action is sufficiently related to the forum state. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-46 (1952). The Ninth Circuit applies a three-prong test to determine whether a non-resident defendant's activities are sufficiently related to the forum state to establish specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

4

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of demonstrating the first two prongs. *Schwarzenegger*, 374 F.3d at 802; *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff fails to satisfy either of these prongs, then personal jurisdiction is not established in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). If the plaintiff carries this burden, then "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto*, 539 F.3d at 1016 (citing *Schwarzenegger*, 374 F.3d at 802)).

Here, the complaint lacks allegations showing that the Cramer defendants have sufficient contacts with California. There are no allegations that any of the Cramer defendants are domiciled in California. Mark and Florence Cramer are citizens of Canada and live in Calgary, Alberta. (Compl. ¶¶ 6,8.) Similarly, Scott Cramer is a citizen of Canada and lives in Vancouver, British Columbia. (*Id.* ¶ 9.)

Moreover, where allegations are made as to the Cramer defendants, there are no facts to suggest that those actions were done or directed at California. For instance, the complaint alleges the following in regard to Cramer defendants' actions:

- Mark, Florence and Scott Cramer further the enterprise by registering and setting up the businesses through which money is funneled;
- Scott Cramer operated Wildfire International Media as a front company to further the RICO enterprise; and that
- Florence served as an officer and director of the sham entities.

(*Id.* ¶¶ 211-214.) These allegations, even if true, do not establish that these actions were directed at California. The complaint does not allege that the Cramer defendants set up any of the alleged business in California, nor does it allege that Florence Cramer served as an officer or director of any California company. (*See Id.* ¶ 214) (alleging that Florence Cramer incorporated and

5

1    presented herself as an officer of the following companies: Equitas Developments Incorporated
2    (Nevada); Stranton Holdings LLC (Nevada); Global Investments Associated (New Zealand);
3    Global Financial Limited (New Zealand).  Furthermore, there are no facts showing that Scott
4    Cramer's Wildfire International Media company is incorporated in California, or that it conducts
5    business in California.
6        Further, the Cramer defendants submitted declarations stating that they do not have any
7    ties with the state of California.  In sum, the declarations state that none of the Cramer defendants
8    maintain a busines in California, that they do not maintain registered agents of service in
9    California, and that none of them own, lease, or maintain any real or personal property in
10   California.
11        Accordingly, because the Cramer defendants are not domiciled in California, and plaintiff
12   has not shown that sufficient contacts exist between defendants and the state, plaintiff has not
13   made a *prima facie* showing that the court has personal jurisdiction under the minimum contacts
14   test.

   2.   *Whether the Cramer Defendants are Subject to Jurisdiction under RICO*

   Next, the Court considers whether jurisdiction is proper under the RICO Act.  Defendants argue that the Court lacks jurisdiction under the RICO Act because plaintiff failed to show that there is no other district that could exercise jurisdiction over all the defendants.

   The RICO Act provides that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  In Section 1965(b), Congress provided for service of process upon RICO defendants residing outside the federal court's district when it is shown that "the ends of justice" require it.  *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).  "Congress intended the 'ends of justice' provision to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial."  *Id.* at 539.

   To establish personal jurisdiction over a non-resident defendant in a RICO action, the following three requirements must be satisfied: (i) at least one of the defendants must have

1    minimum contacts with the forum state; (ii) plaintiff must show that there is no other district in
2    which a court would have personal jurisdiction over all of the defendants; (iii) and plaintiff must
3    allege a single nationwide RICO conspiracy. *Id.*

4    Here, plaintiff has made no effort to satisfy the second element, namely to show that there
5    is no other district that could exercise jurisdiction over all of the defendants. Instead, plaintiff
6    argues that the Cramer defendants "admit that there are no other federal districts where each of
7    them have independently established minimum contacts." (Opp. at 66.) However, the Court
8    cannot discern the basis of that statement.

9    The Court notes that the complaint contains allegations indicating that other districts may
10   have jurisdiction. For instance, the complaint alleges facts indicating facts that the District Court
11   for the District of Nevada could exercise personal jurisdiction over Michael Cramer and Florence
12   Cramer based on Michael Cramer's action of incorporating "Gateway Concepts Limited West,
13   LLC" in Nevada and Florence Cramer's actions of incorporating Equitas Developments
14   Incorporated there. (Compl. ¶¶ 59, 211.) Moreover, the complaint also alleges that Michael
15   Cramer operates investment firms "located across the United States." (*Id.* ¶ 2.) Despite these
16   allegations, plaintiff cites to no evidence to address this element. Thus, it is unclear to the Court
17   whether another district could in fact exercise jurisdiction over all the defendants. Accordingly,
18   plaintiff has not shown that there is no other district in which a court would have personal
19   jurisdiction over all of the defendants.

20   In sum, the Court finds that plaintiff has not satisfied either test with respect to the Court's
21   ability to exercise jurisdiction over the Cramer defendants. Accordingly, the Court **GRANTS**
22   defendants' motion to dismiss for lack of personal jurisdiction **WITH LEAVE TO AMEND**.

### B. Whether the Claims are Barred Under PSLRA

The Cramer defendants argue that plaintiff's RICO claim is barred under Section 107 of the PSLRA. The PSLRA amended the RICO statute to provide that securities fraud cannot serve as a predicate act for a RICO claim. *See* 18 U.S.C. § 1964(c) ("[N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962."). The PSLRA bar proscribes the use as a RICO predicate of any

conduct that would have been actionable as securities fraud, even if pled as some other claim, such as wire fraud or mail fraud. *See Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146, 1151 (W.D. Wash. 2004), *aff'd in relevant part*, 476 F.3d 756, 761 (9th Cir. 2007).

Here, plaintiff argues that several of the predicate acts alleged, including the allegations of money laundering, the factual allegations regarding the $150,000 loan Michael Cramer solicited and received from plaintiff; the joint venture between Michael Cramer and plaintiff; and the fraudulent inducement of plaintiff to create entities (separate from any investment), are non-securities predicate acts that are not barred under the PSLRA. The Court finds that these allegations, as pled, do not relate to the purchase or sale of security in any company, making it such that the PSLRA does not bar these claims.

Further, plaintiff has not provided the Court with any binding authority applying the PSLRA bar absent allegations of purchase of securities (*i.e.,* stock) in a company. Indeed, defendants rely on a handful of cases that found the PSLRA barred the predicated RICO acts because those acts related to the purchase of stock or involvement in a Ponzi scheme. *See Howard v. American Online, Inc.*, 208 F.3d 741, 749 (9th Cir. 2000) (finding that PSLRA barred RICO claim predicated on allegations that AOL illegally sold stock at a profit.); *MLSMK Investment Co., v. JP Morgan Chase &Co.*, 651 F.3d 268, 280 (2d Cir. 2011) (finding that PSLRA barred plaintiff's RICO claims predicated on acts inducing one to participate in Ponzi scheme); *Swartz*, 476 F.3d at 761 (affirming district court's finding that the PSLRA barred plaintiff's RICO claim because "the alleged fraud was 'in connection with' the sale of the Microsoft stock and could not form the basis of a RICO claim under section 107 of the Private Securities Litigation Reform Act.").

Thus, the Court **DENIES** the motion to dismiss to the extent the predicate acts are not related to the purchase or sale of securities. However, any predicate act based on the purchase or sell of a security is barred under the PSLRA.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss on this ground.

### C. Whether Plaintiff has Sufficiently Alleged Claims Against the Cramer Defendants

The Cramer defendants argue that plaintiff's claims should also be dismissed because plaintiff fails to meet the heightened pleading standard under Rule 9(b).

A plaintiff must state claims grounded in fraud with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Averments of fraud must set forth the "who, what, when, where and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, the parties do not dispute whether Rule 9 applies to plaintiff's claim; they only dispute whether sufficient allegations exist to satisfy the heightened pleading standard. The complaint alleges that "[t]he Cramer family – father Mark, mother Florence, and brother Scott – have created and incorporated dozens of shell companies and front businesses throughout North America through which they distribute and receive laundered funds. The Cramer Defendants recently used Scott Cramer's Vancouver-based film production company Wildfire Media as their primary laundering conduit." (FAC, ¶ 2(h); that Mark Cramer attended a conference call with Michael Cramer and plaintiff and sent plaintiff an email after the call, inviting plaintiff to communicate with him via email (*id*., ¶ 92); Florence and Mark Cramer set up Tradewinds Liquidation, Inc., and Scott Cramer organized Odyssey Media Inc. to funnel funds from the enterprise (*id*., ¶¶ 130, 133); Florence and Scott Cramer are tasked with registering and setting up the many front businesses through which the Enterprise launders its ill-gotten gains (*id*., ¶ 211); Scott Cramer accepted capitalization and financing from the Enterprise knowing that it was money obtained by fraud and deception (*id*., ¶ 212); on September 30, 2016, Scott Cramer agreed to assist Cramer with specifically laundering Marani's funds, then in SEI's possession, through Odyssey Media, Inc. by supposedly funding the production of ten films and the construction of a film, sound, and fx studio (*id*., ¶ 213); Florence Cramer incorporated and agreed to present herself as an officer and director off several sham entities that have allowed Michael Cramer to try and

9

conceal his fraud (*id*., ¶ 214) (listing the companies); Mark Cramer agreed to present himself as an officer, director, or shareholder of several sham entities (*id*., ¶ 215) (listing the companies); and that Mark Cramer's role in the enterprise also included bolstering Michael Cramer's creditability with targeted fraud victims (*id*., ¶ 216). The Court finds these allegations sufficient to meet Rule 9(b)'s heightened pleading standard.

Accordingly, the Court **DENIES** the motion to dismiss on this ground.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss. The Court finds that, given the current allegations, the Court does not have personal jurisdiction over the Cramer defendants. Accordingly, the **GRANTS** the Cramer defendants' motion to dismiss for lack of personal jurisdiction **WITH LEAVE TO AMEND**.

Further, the Court finds that the complaint contains sufficient allegations to meet Rule 9(b)'s heightened pleading standard and thus **DENIES** the motion on this ground.

Finally, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion to dismiss under the PSLRA.

Plaintiff shall file an amended complaint by January 7, 2022. The Cramer defendants shall file a response to plaintiff's amended complaint within fourteen (14) days from the filing of the amended complaint.

This Order terminates docket number 63.

**IT IS SO ORDERED.**

Dated: December 10, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**