UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KEVIN MARANI,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CRAMER, et al.,<br><br>    Defendants. | Case No. 19-cv-05538-YGR (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 125 |

The plaintiff, Kevin Marani, alleges that the eleven defendants perpetrated "a sophisticated international investment fraud and money laundering scheme against [him]."[1] The plaintiff lives in California and the defendants mostly live in Canada.[2] Several of the defendants — Michael, Florence, Mark, and Scott Cramer, all of whom are representing themselves — have recently not participated in the case.[3] Three of them — Michael, Florence, and Mark Cramer — are in bankruptcy in Canada.[4]

---

[1] Third Am. Compl. – ECF No. 113 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–8 (¶¶ 4–15).

[3] Treuden Decl. – ECF No. 125-1 at 2 (¶ 3).

[4] Letter from Michael Cramer – ECF No. 116; Mot. – ECF No. 125 at 8 & n.1.

ORDER – No. 19-cv-05538-YGR (LB)

1    The plaintiff now moves (1) to compel discovery from the four Cramers, (2) to extend the case
2  deadlines by eleven weeks to accommodate the discovery, and (3) for the attorney's fees and costs
3  incurred in bringing the motion.[5] (Fact discovery closed on June 1, 2023.[6]) The Cramers have filed
4  letters to the effect that Michael had a "private Joint Venture Agreement" with the plaintiff, but
5  the Cramers are unable to provide information because the requests are "based on a false RICO
6  premise" and only Michael Cramer had any involvement with the plaintiff.[7]

7    The plaintiff separately moved to extend the case deadlines by eleven weeks to accommodate
8  additional discovery from the newest defendant, Harvey Flemming (who is participating in the
9  case).[8] The trial court denied that request but said it would consider a recommendation from the
10 undersigned for a narrower extension.[9] The plaintiff and Mr. Flemming then contacted the court
11 about scheduling a conference regarding a scheduling order amendment.

12   The trial court referred all discovery matters to the undersigned.[10] The court held a hearing on
13 June 15, 2023.

14   The first issue is whether to compel written discovery from the Cramer defendants. The
15 discovery requests in question, which were served on March 6, 2023, are attached to the motion.[11]
16 The Cramer defendants have not responded to the discovery.[12] They answered a previous
17 complaint, but they haven't answered the operative complaint.[13] (As mentioned, three of them are
18 in bankruptcy in Canada. But they have not sought a stay of this case. *See* 28 U.S.C. § 1410; 11
19 U.S.C. §§ 362, 1504, 1515, 1520.)

---

[5] Mot. – ECF No. 125.
[6] Scheduling Order – ECF No. 89 at 1.
[7] Letters – ECF Nos. 128–30; Joint Venture Agreement, Ex. Q to Treuden Decl. – ECF No. 125-18.
[8] Mot. – ECF No. 132.
[9] Order – ECF No. 133.
[10] Order of Reference – ECF No. 68.
[11] Disc. Reqs., Exs. A–P to Treuden Decl. – ECF Nos. 125-2 to -17.
[12] Treuden Decl. – ECF No. 125-1 at 2–3 (¶¶ 3, 5–13).
[13] Answers – ECF Nos. 77, 83.

"The law of discovery begins with the presumption that the public is entitled to every person's evidence." *Bussiere v. Kokor*, No. 113CV01565SKOPC, 2016 WL 3185056, at *1 (E.D. Cal. June 8, 2016) (cleaned up). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b).

The court grants the motion to compel. The Cramer defendants must participate in the litigation and they risk sanctions if they do not do so.

The second issue is whether to award the plaintiff the attorney's fees and costs he incurred in bringing the motion to compel.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the court grants a motion to compel discovery, it "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion, except if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified. *See* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. P. Before Trial § 11:2382 (The Rutter Group 2022). In this district, the moving party must support a request for fees and costs in connection with a motion to compel with "competent declarations which . . . itemize with particularity the otherwise unnecessary expenses, including attorney fees." N.D. Cal. Civ. L.R. 37-4(b)(3).

The plaintiff did not specify how much in fees and costs he incurred or otherwise submit any support for the request. The court denies his request for fees and costs.

Finally, the plaintiff requests an extension of the case deadlines to accommodate the written discovery as well as subsequent depositions.[14] The court recommends to the trial court that the deadlines be extended by six weeks, to try to allow for depositions in Canada but avoid pushing the trial date into February 2024.

**IT IS SO ORDERED.**

Dated: June 16, 2023

_____
LAUREL BEELER
United States Magistrate Judge

---

[14] Scheduling Order – ECF No. 89.