United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KEVIN MARANI**,<br><br>             Plaintiff,<br><br>   v.<br><br>**MICHAEL CRAMER, ET AL.**,<br><br>             Defendants. | Case No.: 19-CV-5538 YGR<br><br>**ORDER PROVIDING *RAND* NOTICE TO PRO SE DEFENDANTS REGARDING REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 139 |

Plaintiff Kevin Marani has filed a Motion for Summary Judgment as to defendants Michael Cramer, Florence Cramer, Mark Cramer, and Scott Cramer. Ninth Circuit authority indicates that self-represented parties should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions. *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Accordingly, the Court provides the following notice to the unrepresented defendants named in plaintiff's motion for summary judgment:

> Plaintiff is making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of plaintiff. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party that is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),

you cannot simply rely on your previous answer or motions.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e).  The evidence in those documents must contradict the facts shown in the plaintiff's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment may be entered against you.  If summary judgment is granted in favor of the plaintiff, judgement will be entered against you and the case will be closed.

*See Rand*, 154 F.3d at 962-63.

The Court advises the defendants named in the motion for summary judgment that the District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  It is available electronically online (*http://cand.uscourts.gov/prosehandbook*) or in hard copy, free of charge, from the Clerk's Office.

The Court also advises defendants that assistance is available through the Legal Help Center.  Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance.  The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases.  There is no charge for this service.  To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org.  The Help Center's website is available at *https://cand.uscourts.gov/legal-help*.

**The Court provides defendants one last opportunity to oppose the pending motion.  Any opposition shall be filed by October 16, 2023.**

**IT IS SO ORDERED.**

Date: September 20, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2