**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|   |   |
|---|---|
| **KEVIN MARANI,**<br><br>     Plaintiff,<br><br>     v.<br><br>**MICHAEL CRAMER, ET AL.,**<br><br>     Defendants. | **Case No.:** 4:19-cv-5538-YGR<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS MARK CRAMER, FLORENCE CRAMER, AND SCOTT CRAMER SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION** |

In this case, the Court previously granted defendants Mark Cramer, Florence Cramer, and Scott Cramer's two motions to dismiss for lack of personal jurisdiction. (Dkt. Nos. 60 and 73.) In the most recent Order, the Court noted that Mark Cramer and Florence Cramer are citizens of Canada and living in Calgary, Alberta. (Dkt. No. 73.) Scott Cramer is a citizen of Canada and living in Vancouver, British Columbia. (*Id.*) The Court noted that the allegations did not establish that those three defendants' actions were directed at California. (*Id.*) Plaintiff then filed a second amended complaint. (Dkt. No. 76.)[1] This time, instead of moving to dismiss, the three Cramer defendants filed an answer. (Dkt. No. 77.) Shortly after, the three Cramer defendants noted that they could no longer afford an attorney and were proceeding pro se. (Dkt. Nos. 96–98.) Since then, Mr. Marani has filed a motion for summary judgment. (Dkt. No. 139.)

On Tuesday, November 14, 2023, the Court held a hearing on Mr. Marani's pending motion for summary judgment. The Court denied that motion without prejudice on the record, in part, because the Court was unsure that plaintiff had established personal jurisdiction over these three Cramer defendants. The Court noted that, because they raised the defense twice, plaintiffs had not

---

[1] Plaintiff has since filed a third amended complaint to add a defendant that is not relevant here.

waived the defense by later filing an answer. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318–19 (9th Cir. 1998) (finding that the personal jurisdiction defense was not waived when plaintiffs raised it in their initial motion to dismiss but then failed to raise it later during litigation).

As the Court indicated during the hearing, plaintiff has **60 days** from the day of this Order to conduct discovery on personal jurisdiction. Plaintiff is thus **ORDERED TO SHOW CAUSE WHY** defendants Mark Cramer, Florence Cramer, and Scott Cramer should not be dismissed due to lack of personal jurisdiction. By **February 2, 2024,** plaintiff should file a supplemental brief of no more than six pages on whether the Court has personal jurisdiction over these three Cramer defendants. Defendants may then file a response of no more than six pages by **February 12, 2024.** Plaintiff's reply is due **February 20, 2024,** and should be no longer than three pages.

**IT IS SO ORDERED**.

Date: **November 20, 2023**

    **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT COURT JUDGE**