UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KEVIN MARANI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CRAMER, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-05538-YGR (LB)<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 180 |

　　The plaintiff, Kevin Marani, alleges that the eleven defendants perpetrated "a sophisticated international investment fraud and money laundering scheme against [him]."[1] The plaintiff lives in California and the defendants mostly live in Canada.[2] Defendant Michael Cramer, who is representing himself, has infrequently participated in the case. Twice before, he has been ordered to respond to the plaintiff's first set of written discovery.[3] After that, the plaintiff served a second set of written discovery. Mr. Cramer has responded to both sets but the plaintiff contends that the responses are deficient. After attempting to confer but receiving no response, the plaintiff now moves (1) to compel discovery from Mr. Cramer, (2) to amend the scheduling order to

---

[1] Third Am. Compl. – ECF No. 113 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6–8 (¶¶ 4–15).

[3] Orders – ECF Nos. 136, 177.

ORDER – No. 19-cv-05538-YGR (LB)

accommodate depositions after written discovery responses, and (3) for attorney's fees and costs.[4] Mr. Cramer did not respond to the motion.

The first issue is whether to compel discovery from Michael Cramer. "The law of discovery begins with the presumption that the public is entitled to every person's evidence." *Bussiere v. Kokor*, No. 113CV01565SKOPC, 2016 WL 3185056, at *1 (E.D. Cal. June 8, 2016) (cleaned up). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b).

The court grants the motion to compel. Significantly, Mr. Cramer has not opposed it. *See, e.g.*, *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (the failure to oppose an argument can be construed as a concession of the argument). Mr. Cramer must participate in the litigation and risks sanctions if he does not do so. Below, the court sets a show-cause hearing at which Mr. Cramer must appear.

The second issue is whether to amend the scheduling order to accommodate depositions after written discovery responses. The plaintiff requests an extension of the fact-discovery deadline (to accommodate the written discovery as well as subsequent depositions) and the deadline for the plaintiff to respond to the trial court's order to show cause.[5] The court recommends to the trial court that those deadlines be extended to about two months from today to allow for the discovery.

The third issue is whether to grant the motion for the attorney's fees and costs.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the court grants a motion to compel discovery, it "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion, except if:

---

[4] Mot. – ECF No. 180.

[5] *Id.* at 13.

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified. *See* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. P. Before Trial § 11:2382 (The Rutter Group 2022). In this district, the moving party must support a request for fees and costs in connection with a motion to compel with "competent declarations which . . . itemize with particularity the otherwise unnecessary expenses, including attorney fees." N.D. Cal. Civ. L.R. 37-4(b)(3).

As before, the plaintiff did not specify how much in fees and costs he incurred or otherwise submit any support for the request.[6] He proposes that he first attempt to confer with Mr. Cramer and then, if necessary, the plaintiff will file a separate motion. The court adopts that proposal.

Finally, Mr. Cramer must participate in the litigation and risks sanctions if he does not, including monetary sanctions and default judgment. The court now sets a hearing for April 11, 2024, at 9:30 a.m. Mr. Cramer must appear at the hearing via the court's Zoom webinar link and show cause why he has stopped communicating with the plaintiff. The link is available at https://www.cand.uscourts.gov/judges/beeler-laurel-lb/. If he does not, he risks sanctions, including the plaintiff's moving for default judgment against him. The court asks the plaintiff's counsel to email Mr. Cramer a courtesy copy of this order and file a short update with any new information prior to the hearing.

---

[6] Order – ECF No. 136 at 3.

1   This resolves ECF No. 180.

2   **IT IS SO ORDERED.**

3   Dated: March 28, 2024

_____
LAUREL BEELER
United States Magistrate Judge