UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVEN MARANI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CRAMER, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-05538-YGR (DMR)<br><br>**ORDER TO SHOW CAUSE RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 219 |

　　　　Plaintiff Kevin Marani filed this action in August 2019 against Defendant Michael Cramer[1] and ten other Defendants, bringing federal and state law claims related to their participation in an alleged international fraud scheme. At this juncture, two non-defaulting, non-dismissed Defendants remain: Travis Capson and Harvey G. Flemming.[2] Following the court's direction to enter default against Cramer pursuant to Federal Rule of Civil Procedure 37 (Docket No. 216), Marani moved under Federal Rule of Civil Procedure 55(b)(2) for default judgment against Cramer on all claims. The motion was referred to the undersigned for preparation of a report and recommendation. [Docket Nos. 219 ("Mot."), 223.]

　　　　The operative Third Amended Complaint ("TAC") brings seven claims against Cramer and different combinations of Defendants: two claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1962(d), and five state law claims for fraud (intentional misrepresentation), fraud (concealment), conversion, unjust enrichment, and

---

[1] The references to "Cramer" are to Michael Cramer, as opposed to other dismissed Defendants with the same surname.

[2] The references to "Flemming" are to Harvey G. Flemming (named in the complaint as Harvey F. Flemming), as opposed to dismissed Defendant Harvey W. Flemming.

breach of contract. [Docket No. 113 (TAC) ¶¶ 166-364.] Accounting for the dismissal or default of certain Defendants,[3] the two RICO claims appear to be pending against Cramer, Flemming, and Capson; the state law claim for fraudulent misrepresentation appears to be pending against Cramer and Capson; and the remaining state law claims are pending against Cramer only. Because Marani seeks entry of default judgment against Cramer on all claims, while the two RICO claims are still pending against Flemming and Capson and the state law fraudulent misrepresentation claim is pending against Capson, Marani's motion for default judgment against Cramer raises concerns under Rule 54(b).

In multi-party cases, Rule 54(b) provides that:

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Courts have "discretion to enter a default judgment as to less than all defendants," *Shanghai Automation Instr. Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (citing *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)), but "must take into account judicial administrative interests as well as the equities involved," *Radical Invs. Ltd. v. Good Vibrations Ent. LLC*, No. 22-cv-02752-MRA-AJR, 2024 WL 3512826, at *1 (C.D. Cal. May 31, 2024) (quoting *Curtis-Wright*, 446 U.S. at 8).

In the Ninth Circuit, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520,

---

[3] At present there are four dismissed Defendants: Harvey W. Flemming and three Cramer family Defendants (Florence, Mark, and Scott); and two defaulting Defendants: Jon Hanna and GFC Limited, Panama. There is no indication on the docket that Marani served Defendant GFC Limited, New Zealand. In his motion, Marani reports that he never served Defendant Zhanna Cramer and that "some of the other Defendants were variously dismissed from this suit or settled," but he does not identify which Defendants fall into either category. [Mot. at 1 n.2.]

2

532 (9th Cir. 2001) (footnote omitted) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "[The *Frow*] rule extends beyond pure joint liability cases, and includes actions where there are non-defaulting defendants 'who are similarly situated, even if not jointly and severally liable' and denial of a default judgment motion is necessary to avoid an inconsistent result." *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-cv-04358-JST (JSC), 2014 WL 12708934, at *1 (N.D. Cal. Oct. 29, 2014) (quoting *First T.D.*, 253 F.3d at 532). This is because "it would be 'incongruous and unfair' to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant 'in the same action.'" *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (quoting *First T.D.*, 253 F.3d at 532); *see also Radical Invs. Ltd.*, 2024 WL 3512826, at *2 (collecting cases describing same). "Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants." *Shanghai Automation Instr. Co.*, 194 F. Supp. 2d at 1008 (collecting cases).

In this case, Marani's motion for default judgment against Cramer asserts that "RICO, RICO conspiracy, and fraud damages are shared jointly and severally." [Mot. at 17.] In addition, Marani asserts that the RICO enterprise is comprised of the individual Defendants and "[c]ommand[ed]" by Cramer "at the top" [TAC ¶ 183], and Capson and Flemming are alleged to be highly involved co-conspirators and members of the enterprise that Marani maintains is a "sophisticated global network" engaged in fraud. [Mot. at 2 (citing TAC ¶¶ 183-221-23, 228-36, 242-69).] Marani also alleges that Capson was responsible for a "multitude of deceptive and fraudulent misrepresentations" along with Cramer. [TAC ¶¶ 308-09.] In short, Marani's assertion of Defendants' joint and several liability, along with his allegations regarding the conduct of Cramer, Capson, and Flemming, all appear to trigger the *Frow* rule.

Accordingly, Marani is ordered to respond by **March 5, 2025**, and show cause why the undersigned should not recommend that the motion for default judgment against Cramer be denied

3

without prejudice with leave to renew after the claims have been adjudicated or otherwise resolved as to all remaining non-dismissed, non-defaulting Defendants.

**IT IS SO ORDERED.**

Dated: February 19, 2025



Donna M. Ryu
Chief Magistrate Judge